**14 CV 7652**

JUDGE BRODERICK

PREET BHARARA
United States Attorney for the
Southern District of New York
By: EDWARD B. DISKANT
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2294



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA          :        VERIFIED COMPLAINT

              - v. -                              :        14 Civ.

$5,669.00 IN UNITED STATES        :
CURRENCY,

                                                     :

$79,200.00 IN UNITED STATES
CURRENCY, and                             :

$47,940.00 IN UNITED STATES    :
CURRENCY,

                                                     :
              Defendants-in-rem.
------------------------------------------------------X

Plaintiff United States of America, by its attorney, PREET BHARARA, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

I.   NATURE OF THE ACTION

1.   This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6), seeking the forfeiture of $5,669.00 in United States currency ("Defendant-in-rem A"), $79,200.00 in United States currency ("Defendant-in-rem B"), and $47,940.00 in United States currency ("Defendant-in-rem C"), (collectively the

1

"Defendants-in-rem"), on the ground that the Defendants-in-rem constitute moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper under 28 U.S.C. § 1355(b) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York.

4. The Defendants-in-rem are currently in the custody of the United States Department of Treasury (the "USDOT").

## III. PROBABLE CAUSE FOR FORFEITURE

5. Since in or around July 2013, the Westchester County Police Department ("WCPD") and members of the Internal Revenue Service (the "IRS") have been conducting an investigation into narcotics traffickers believed to transport money by way of commercial livery vans. In particular, the investigation, which has involved seizures, surveillance, and the use of confidential sources and informants, has shown that livery vans are used to carry and conceal narcotics proceeds traveling into New York City from the New England States. As detailed further below, each of the Defendants-in-rem were seized as a part of the investigation and from individuals working as money couriers transporting of narcotics proceeds in the manner described above.

6. On or about May 2, 2014, based on information developed through the investigation, including information obtained from a confidential source providing information to law enforcement, at approximately 6:00 a.m., officers from the WCPD conducted a vehicle stop of

a livery van ("Vehicle 1") which was heading southbound on the Hutchinson River Parkway in the vicinity of Exit 25 at North Street. Upon consent, officers from the WCPD searched Vehicle 1 and recovered Defendant-in-rem A, which was lodged in the front passenger seat of the Vehicle occupied at the time by a passenger ("Passenger 1"). Based on the agents visual inspection, agents readily determined that Defendant-in-rem A was packaged in a manner consistent with narcotics proceeds. At the time Defendant-in-rem A was recovered, Passenger 1 confirmed that Defendant-in-rem-A contained cash and stated, in substance, that he did not know how much money he was transporting but that a portion of it contained his "tax money."

7. On or about May 2, 2014, and based on the same, at approximately 6:15 a.m., officers from the WCPD conducted a vehicle stop of a livery van ("Vehicle 2") which was heading southbound on the Hutchinson River Parkway in the vicinity of Exit 25 at North Street. Upon consent, officers from the WCPD searched Vehicle 2 and recovered Defendant-in-rem B which was, at the time, located in a bag found under a passenger seat of Vehicle 2 that was occupied, at the time, by three passengers ("Passengers -3, -4, and -5"). Based on the agents visual inspection, agents readily determined that Defendant-in-rem B was packaged in a manner consistent with narcotics proceeds. When asked about Defendant-in-rem B, Passengers -3, -4, and -5 all stated, in substance, that they did not know to whom the bag belonged, adding that they were unaware of the contents of the bag.

8. Finally, On or about May 2, 2014, and based on the same, at approximately 7:00 a.m., officers from the WCPD conducted a vehicle stop of a livery van ("Vehicle 3") which was heading southbound on I-95 in the vicinity of Playland Parkway. Upon consent, officers from the WCPD searched Vehicle 3 and recovered Defendant-in-rem C, which was located under

a seat of Vehicle 3 that was occupied, at the time, by a passenger ("Passenger 2"). Based on the agents visual inspection, agents readily determined that Defendant-in-rem C was packaged in a manner consistent with narcotics proceeds. When asked about Defendant-in-rem C, Passenger 2 stated, in substance, denied any ownership interest in Defendant-in-rem C, adding that he did not know who owned the money contained within Defendant-in-rem C.

9.   On or about May 2, 2014, the Defendants-in-rem were all transported to and adopted by the IRS for processing.

10.   Subsequently, the IRS began its administrative forfeiture proceedings against the Defendants-in-rem. As a part of those proceedings, the IRS publicly published the fact of its seizure of the Defendants-in-rem in various, commonly available publications, including the New York Post.

11.   Shortly thereafter, on or about July 1, 2014, Clifford Clark ("Clark") submitted a claim for the Defendants-in-rem with the IRS, wherein he asserted an interest in, and claimed ownership of the Defendants-in-rem. Clark was not himself a passenger in Vehicle 1, 2, or 3 (collectively, the "Vehicles"), nor upon information and belief, are any of the Vehicles registered in Clark's name.

12.   Indeed, according to the claim itself, Clark is incarcerated at the Manhattan Detention Complex ("MDC") in New York. Moreover, based on a review of publicly available records, Clark was arrested on March 21, 2014 for Possession of Stolen Property and Possession of a Weapon and has been incarcerated at all times relevant to this Complaint, including at the time the Defendants-in-rem were all recovered.

13. Upon information and belief, Clark has no association with, ties to, or legitimate claim of ownership over any of the Defendants-in-rem.

### IV. CLAIM FOR FORFEITURE

14. The allegations contained in paragraphs one through thirteen of the Complaint are incorporated herein.

15. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

16. The Defendants-in-rem are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

17. By reason of the above, the Defendants-in-rem became, and are, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants-in-rem and that all persons having an interest in the Defendants-in-rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants-in-rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       September 22, 2014

                      PREET BHARARA
                      United States Attorney for the
                      Southern District of New York
                      Attorney for the Plaintiff
                      United States of America

By: _____
                      EDWARD B. DISKANT
                      Assistant United States Attorney
                      One St. Andrew's Plaza
                      New York, New York 10007
                      Tel. (212) 637-2294

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK :
SOUTHERN DISTRICT OF NEW YORK )

STEPHEN BORCHARD, being duly sworn, deposes and says that he is a Special Agent with the United States Internal Revenue Service, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the ground of his belief are conversations with other law enforcement officers and others, official records and files of the Internal Revenue Service, the State of New York, and the United States, and information obtained directly by deponent during an investigation of alleged violations of Title 18, United States Code.

*[signature]*
STEPHEN BORCHARD
Special Agent
Internal Revenue Service

Sworn to before me this
22ND day of September, 2014

*[signature]*
NOTARY PUBLIC

CHRISTOPHER GERARD MCSHEA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MC6240723
Qualified in Kings County
My Commission Expires May 09, 2015

7